## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JULIE JONES, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 5:19-cv-1019 |
| vs. | § | |
| | § | **COMPLAINT** |
| TRANSWORLD SYSTEMS, INC., | § | Jury Trial Demanded |
| Defendant. | § | |

### NATURE OF ACTION

1.     Plaintiff Julie Jones ("Plaintiff") brings this action against Defendant Transworld Systems, Inc. ("Defendant") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION, STANDING, AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1692(k) and 28 U.S.C. § 1331.

3.     Plaintiff has Article III standing to bring this action, as it seeks to redress conduct by Defendant that caused Plaintiff to suffer intangible harms, which Congress has made legally cognizable in passing the FDCPA.  *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

5.      Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

6.      "[T]he FDCPA is a strict liability statute—collector 'need not be deliberate, reckless, or even negligent to trigger liability . . . .'" *Walker v. Pharia, LLC*, No. 4:09-CV-369-Y, 2010 WL 565654, at *3 (N.D. Tex. Feb. 18, 2010) (quoting *Ross v. RJM Acquisitions Runding LLC*, 480 F.3d 493, 495 (7th Cir. 2007)).

7.      "To determine whether a particular collection practice violates the FDCPA, the Court 'must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.'"  *Castro v. Collecto, Inc.*, 668 F. Supp. 2d 950, 959 (W.D. Tex. 2009) (citing *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)).

8.      "The Fifth Circuit has explained the unsophisticated or least sophisticated consumer standard is meant to protect all consumers from abusive or deceptive collection practices and to protect debt collectors from consumers who misinterpret collection materials." *Id.* at 959-60.

## PARTIES

9.      Plaintiff is a natural person who at all relevant times resided in the State of Texas, County of Bexar, and City of San Antonio.

10.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

11.     Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

12.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

13.     Plaintiff is a natural person allegedly obligated to pay a debt.

14.     Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal medical services (the "Debt").

15.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

16.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

17.     On or around February 15, 2019, in connection with the collection of the Debt, Defendant telephoned Plaintiff and left the following voicemail message:

> This is an attempt to collect a debt and any information obtained will be used for that purpose. When calling, please refer to your ID code 736-500-6833. Thank you.

18.     The February 15, 2019 voicemail message was Defendant's initial communication with Plaintiff with respect to the Debt.

19.     Plaintiff listened to and heard the message on February 15, 2019.

20.     Defendant's February 15, 2019 voicemail failed to disclose its corporate and/or business name.

21.     By failing to state its corporate and/or business name, Defendant failed to meaningfully convey its identity to Plaintiff.

22.     Defendant also failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692g(a) in an initial communication or in writing within five days thereafter.

23.     On or about March 11, 2019, in connection with the collection of a debt, Defendant telephoned Plaintiff and left the following voicemail message:

> Debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. When calling, please refer to your ID code 703-656-8033. Thank you.

24.     Plaintiff listened to and heard the message on March 11, 2019.

25.     Defendant's March 11, 2019 voicemail again failed to disclose its corporate and/or business name, thus failing to meaningfully convey its identity to Plaintiff.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692d(6)**

26.     Plaintiff repeats and re-alleges each factual allegation contained above.

27.     The FDCPA generally prohibits conduct that harasses, oppresses, or abuses consumers, including the placement of telephone calls without meaningful disclosure of the caller's identity. *See* 15 U.S.C. §§ 1692d, 1692d(6).

28.     "Courts have held that the meaningful disclosure required by § 1692d(6) has been made 'if an individual debt collector who is employed by a debt collection company accurately discloses the name of her employer and the nature of her business.'" *Fashakin v. Nextel Comms.*, No. 05 Civ. 3080(RRM), 2009 WL 790350, at *7 (E.D.N.Y. Mar. 25, 2009) (quoting *Joseph v. J.J. Mac Intyre Cos.,* 238 F.Supp. 1158, 1167 (N.D.Ca.2002)).

29.     Notably, unlike other sections of the FDCPA, § 1692d(6) does not require a "communication," but only "the placement of telephone calls."  15 U.S.C. § 1692d(6).  "When a

debt collector places phone calls without identifying itself, there is no additional requirement that these calls contain harassing language." *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1364 (N.D. Ga. 2011); *see also Sclafani v. BC Servs., Inc.*, No. 10–61360–CIV, 2010 WL 4116471, at *3 (S.D. Fla. Oct. 18, 2010) ("If [the defendant] could not leave voice messages that simultaneously complied with the multiple applicable provisions of FDCPA, it should not have left the offending voice messages.").

30.     "Courts have defined 'meaningful disclosure' to include disclosure of the caller's name, *the debt collection company's name*, and the nature of the debt collector's business." *Dokumaci v. MAF Collection Servs.*, No. 8:09-CV-2488-T-24 TG, 2011 WL 833988, at *3 (M.D. Fla. Mar. 4, 2011) (quoting *Sclafani v. BC Services, Inc.*, 2010 WL 4116471, at *2 (S.D. Fla. Oct. 18, 2010) (quotations omitted) (emphasis added); *see Terrell v. Prosperity Fin. Solutions, Inc.*, No. 1:12-CV-2515-TWT, 2013 WL 3149374, at *2 (N.D. Ga. June 18, 2013) ("[C]ourts have 'uniformly' construed [§ 1692d(6)] as requiring a debt collector to disclose the caller's name, *the debt collection company's name*, and the nature of the debt collector's business.") (emphasis added); *Bryant v. Credit Adjustments, Inc.*, No. 10-61009-CIV, 2011 WL 902009, at *2 (S.D. Fla. Mar. 14, 2011) ("courts have defined 'meaningful disclosure' to include disclosure of the caller's name, *the debt collection company's name*, and the nature of the debt collector's business") (emphasis added); *Davis v. Bonewicz*, 2011 WL 5827796, at *2 (E.D. Mo. Nov. 18, 2011) (same); *Gryzbowski v. I.C. Sys., Inc.*, 691 F. Supp. 2d 618, 625 (M.D. Pa. 2010) (same).

31.     Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing its corporate and/or business name.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)   Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692g(a)

32.    Plaintiff repeats and re-alleges each factual allegation contained above.

33.    A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice.  *See* 15 U.S.C. § 1692g(a).

34.    Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

35.    This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid."  *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

6

36.     Defendant violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 U.S.C. § 1692g(a), either in the initial communication with Plaintiff, or in writing within 5 days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

37.     Plaintiff is entitled to and hereby demands a trial by jury.

Dated: August 21, 2019

Respectfully submitted,

/s/ Russell S. Thompson IV
Russell S. Thompson IV
Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone:     602-388-8898
Facsimile:     866-317-2674
rthompson@ThompsonConsumerLaw.com
Attorneys for Plaintiff